**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID LETTIERI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1348** |
| **ART BELL, ET AL.** | **SECTION: "E"(1)** |

## ORDER AND REASONS

Plaintiff, David Lettieri, a prisoner incarcerated at the Federal Medical Center Devens in Ayer, Massachusetts, filed this *pro se* civil action pursuant to 42 U.S.C. §1983. Lettieri names as defendants correctional officers and administrators of FMC Devens, as well as a private entity, Paper Chase Press, and a private person, Art Bell.[1] He appears to allege that he is falsely imprisoned, he was falsely charged with disciplinary violations, and was denied due process at a disciplinary hearing.[2] He also appears to allege that a book authored by Bell was unlawfully seized from him and donated to the prison library.[3]

Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Id.

Here, the complaint on its faces does not pertain to any events or omissions occurring in this

---

[1] Rec. Doc. 1 at 1–3.
[2] Id. at 2–5.
[3] Id.

district, but pertains to events occurring solely at FMC Devens in the State of Massachusetts. While Lettieri names Paper Chase Press, presumably the company that published the book Lettieri claims was confiscated, and he claims that the company is located in New Orleans, Louisiana,[4] he has not alleged any facts of wrongdoing by the company. Further, there is another district where the action may otherwise have been brought, namely, the District Court for Massachusetts, where the events set forth in the complaint occurred. See 28 U.S.C. § 101. Therefore, the Court finds that venue is not proper in the Eastern District of Louisiana, but would be proper in the United States District Court for the District of Massachusetts. In the interests of justice and fairness to the parties, this case shall be transferred there for further consideration. See 28 U.S.C. § 1406(a).

Accordingly,

**IT IS ORDERED** that this matter be **TRANSFERRED** to the District of Massachusetts.

**IT IS FURTHER ORDERED** that determination of pauper status is **DEFERRED** to the United States District Court for the District of Massachusetts.[5]

New Orleans, Louisiana, this ___26th___ day of June, 2026.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Id. at 1.

[5] The Court notes that it appears that Lettieri may be precluded from proceeding as a pauper pursuant to 28 U.S.C. § 1915(g) based on the dismissals of more than three civil actions on the grounds that they were frivolous or failed to state a claim. See Lettieri v. Discipline Hearing Officer, No. 25-cv-13765-LTS, 2026 WL 1802833, at *1 (D. Mass. May 19, 2026) (listing cases), appeal filed, No. 26-1726 (1st Cir. June 18, 2026). That determination, however, is left to the receiving court.